THIBODEAUX, Chief Judge,
dissenting.
The claimant was injured in 2003. One of his examining physicians, Dr. Daniel Hodges, consistently stated that Mr. Olivier was and is still unable to work. Dr. John Cobb opined that Mr. Olivier was able to do light duty. Dr. Wayne Linde-mann agreed. Dr. Lindemann consistently maintained that he could perform light duty work. They have always from the beginning maintained that position. So, I am at a loss to fathom the existence of a “change in conditions.” Dr. Raymond Beurlot, the independent medical examiner, examined Mr. Olivier in 2011 and 2014. In 2011, for instance, Dr. Beurlot concluded that Mr. Olivier was at maximum medical improvement and had been for the last seven years. He suggested light duty work. Dr. Beurlot examined Mr. Olivier again in 2014 based on new diagnostic studies. Again, he recommended light duty. In fact, Dr. Beurlot’s opinion indicated that Mr. Olivier’s back pain was slightly worse and' his activities were more limited than in 2011. It appears that Mr. Olivier’s condition worsened, rather than improved between 2008, the date of the judgment, and the time that the insurer filed its Motion to Modify under La.R.S. 23:1310.8(B). Indeed, there has been a “change in conditions,” that is, Mr. Olivier’s condition, if anything, has deteriorated. The trial judge was manifestly erroneous in concluding otherwise.
For the foregoing reasons, I respectfully dissent.